| PROB 22 (Rev. 2/88) | | DOCKET NUMBER *(Tran. Court)* 3:06CR00713-002 |
|---|---|---|
| **TRANSFER OF JURISDICTION** | | DOCKET NUMBER *(Rec. Court)* 08 CR 50033 |

| NAME AND ADDRESS OF PROBATIONER/SUPERVISED RELEASEE: | DISTRICT | DIVISION |
|---|---|---|
| Morris, Shawntelle Renee ~~Rockford, IL~~ | NORTHERN DISTRICT OF OHIO | Western |
| | NAME OF SENTENCING JUDGE James G. Carr | |

| DATES OF PROBATION/SUPERVISED RELEASE: | FROM 11/30/2007 | TO 11/29/2010 |
|---|---|---|

**OFFENSE**

Counts 1-25:  26 U.S.C. § 7206(2) - Aiding & Assisting in the Preparation of False Tax Returns, a Class E felony

Count 45:  18 U.S.C. § 286 - Conspiracy to Defraud the Government by Making False Claims, a Class C felony

F I L E D

JUL 0 3 2008

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

## PART 1 - ORDER TRANSFERRING JURISDICTION

UNITED STATES DISTRICT COURT FOR THE <u>NORTHERN DISTRICT OF OHIO</u>

IT IS HEREBY ORDERED that pursuant to 18 U.S.C. 3605 the jurisdiction of the probationer or supervised releasee named above be transferred with the records of the Court to the United States District Court for the Northern Illinois at Rockford upon that Court's order of acceptance of jurisdiction. This Court hereby expressly consents that the period of probation or supervised release may be changed by the District Court to which this transfer is made without further inquiry of this Court.*

| 6/4/2008 | S/ James G. Carr |
|---|---|
| *Date* | *United States District Judge* |

*This sentence may be deleted in the discretion of the transferring Court.

## PART 2 - ORDER ACCEPTING JURISDICTION

UNITED STATES DISTRICT COURT FOR THE Northern Illinois at Rockford

IT IS HEREBY ORDERED that jurisdiction over the above-named probationer/supervised releasee be accepted and assumed by this Court from and after the entry of this order.

| June 13, 2008 | |
|---|---|
| *Effective Date* | *United States District Judge* |

Honorable Frederick J. Kapala, Rockford

I hereby certify that this
instrument is a true and
correct copy of the original
on file in my office.
Attest: Geri M. Smith, Clerk
U.S. District Court
Northern District of Ohio

By _____
Deputy Clerk

Termed

# U.S. District Court
## Northern District of Ohio (Toledo)
### CRIMINAL DOCKET FOR CASE #: 3:06-cr-00713-JGC-1
#### Internal Use Only

---

Case title: United States of America v. Morris et al

Date Filed: 02/01/2006
Date Terminated: 01/23/2007

---

Assigned to: Judge James G. Carr

### Defendant (1)

**Shawntelle R. Morris**
*TERMINATED: 01/23/2007*

represented by **Paul L. Geller**
434 Spitzer Bldg.
520 Madison Avenue
Toledo, OH 43604
419-787-8867
Fax: 419-255-2030
Email: jurisdoctr@aol.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: CJA Appointment*

### Pending Counts

26:7206(2) Aiding & assisting in the
preparation of false tax returns
(1-25)

18:286 Conspiracy to defraud the
government by making false claims
(45)

### Disposition

12 months and 1 day on all counts, to be
served concurrently. One year
supervised release as to Counts 1-25, to
be served concurrently, with standard
and special conditions. No fine,
$2,600.00 special assessment.

12 months and 1 day on all counts, to be
served concurrently. Three years
supervised release as to Count 45, to be
served concurrently, with standard and
special conditions. No fine, $2,600.00
special assessment.

### Highest Offense Level (Opening)

Felony

### Terminated Counts

### Disposition

None

## Highest Offense Level (Terminated)

None

## Complaints                                    ## Disposition

None

## Plaintiff

**United States of America**                   represented by **Seth D. Uram**
Office of the U.S. Attorney - Toledo
Northern District of Ohio
Ste. 308
Four SeaGate
Toledo, OH 43604
419-259-6376
Fax: 419-259-6360
Email: seth.uram@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 02/01/2006 | 1 | Indictment as to Shawntelle R. Morris (1) count(s) 1-25, 45, Lakeble N. Gibson (2) count(s) 26-44, 45. (Attachments: # Designation Form & Signature Page) (G, D) Additional attachment(s) added on 2/6/2006 (G, D). (Entered: 02/01/2006) |
| 02/01/2006 | 2 | Order Referring Case to Magistrate Judge Vernelis K. Armstrong as to Shawntelle R. Morris, Lakeble N. Gibson (G, D) (Entered: 02/01/2006) |
| 02/01/2006 | 3 | *SEALED* (Court only) Arrest Warrant Issued on 2/1/06 by Judge Vernelis K. Armstrong in case as to Shawntelle R. Morris. (A, P) (Entered: 02/02/2006) |
| 02/01/2006 | | (Court only) ***Location start (FUGITIVE) as to Shawntelle R. Morris, Lakeble N. Gibson (G, D) (Entered: 02/08/2006) |
| 02/06/2006 | 5 | Order to Unseal Case as to Shawntelle R. Morris, Lakeble N. Gibson. . Signed by Judge Vernelis K. Armstrong on 2/6/06. (G, D) (Entered: 02/06/2006) |
| 02/06/2006 | | Case unsealed as to Shawntelle R. Morris, Lakeble N. Gibson (G, D) (Entered: 02/06/2006) |
| 02/06/2006 | | (Court only) ***Location start (Custody) as to Shawntelle R. Morris (G, D) (Entered: 02/08/2006) |
| 02/07/2006 | | CJA 20 as to Shawntelle R. Morris: Appointment of Attorney Paul L. Geller |

| | | |
|---|---|---|
| | | effective 2/7/06 by Magistrate Judge Vernelis K. Armstrong (R, Ci) (Entered: 02/07/2006) |
| 02/07/2006 | | Minutes (non-document) of Initial Appearance and Arraignment as to Shawntelle R. Morris (1) as to Counts 1-25 and 45 held on 2/7/2006 before Judge Vernelis K. Armstrong. Financial Affidavit executed. Court appoints Paul Geller to represent defendant. NOT GUILTY plea entered as to Counts 1-25 and 45. Motions due by 3/7/2006. Delay deemed excludable. Bond set $10,000 unsecured. Referral to Magistrate termed. (Court Reporter ECRO Cindy Reynolds) (A, P) Modified on 2/13/2006 (R, Ci). (Entered: 02/07/2006) |
| 02/07/2006 | | (Court only) Case as to Shawntelle R. Morris no longer referred to Magistrate Vernelis K. Armstrong, ***Excludable started XT as to Shawntelle R. Morris: Motion filing deadline 3/7/2006 (A, P) (Entered: 02/07/2006) |
| 02/07/2006 | 10 | CJA 23 Financial Affidavit by Shawntelle R. Morris. Signed on 2/7/06. (A, P) (Entered: 02/08/2006) |
| 02/07/2006 | 11 | Appearance Bond Entered as to Shawntelle R. Morris in amount of $10,000 unsecured (A, P) (Entered: 02/08/2006) |
| 02/07/2006 | 12 | Order Setting Conditions of Release as to Shawntelle Morris. Signed by Magistrate Judge Vernelis K. Armstrong on 2/7/06. (A, P) Modified on 2/13/2006 (R, Ci). (Entered: 02/08/2006) |
| 02/08/2006 | 13 | Arrest Warrant Returned Executed on 2/7/06 in case as to Shawntelle R. Morris. (G, D) (Entered: 02/08/2006) |
| 03/07/2006 | 15 | Joint Motion *requesting additional 30 days to file motions* by United States of America as to Shawntelle R. Morris. (Uram, Seth) Modified on 3/13/2006 (G, D). (Entered: 03/07/2006) |
| 03/08/2006 | 17 | Marginal Order granting 15 the parties joint motion for a 30 day extension of time to file pretrial motions as to Shawntelle R. Morris. Time deemed excludable in the interest of justice. Signed by Judge James G. Carr on 3/8/2006. (S, A L) (Entered: 03/08/2006) |
| 03/08/2006 | | (Court only) ***Excludable started as to Shawntelle R. Morris, Lakeble N. Gibson: (S, A L) (Entered: 03/08/2006) |
| 03/27/2006 | 18 | Unsigned Motion to Modify Conditions of Release by Shawntelle R. Morris. (Geller, Paul) (Entered: 03/27/2006) |
| 03/30/2006 | 21 | Response by United States of America to Unsigned Motion to Modify Conditions of Release 18 as to Shawntelle R. Morris (Uram, Seth) (Entered: 03/30/2006) |
| 04/07/2006 | 22 | Joint Motion *for extension of time to complete discovery and plea negotiations* by United States of America as to Shawntelle R. Morris. (Uram, Seth) Modified on 4/11/2006 (R, Ci). (Entered: 04/07/2006) |
| 04/11/2006 | | Notice (non-document) of Hearing as to Shawntelle R. Morris. A Pretrial |

| | | |
|---|---|---|
| | | Conference (re. defendant's motion to modify bond) is set for 4/17/2006 at 11:00 AM in Room 210, 1716 Spielbusch Ave, Toledo, Ohio. (S, A L) Modified on 4/13/2006 (R, Ci). (Entered: 04/11/2006) |
| 04/17/2006 | | Minutes of proceedings [Non Document] before Judge James G. Carr.Pretrial Conference as to Shawntelle R. Morris held on 4/17/2006. Defendant withdrew motion to modify conditions of bond. 18 (S, A L) (Entered: 04/17/2006) |
| 04/17/2006 | 23 | Marginal Order granting 22 the parties joint motion to extend the pretrial and discovery date by 30 days as to Shawntelle R. Morris . Signed by Judge James G. Carr on 4/17/2006. (S, A L) (Entered: 04/17/2006) |
| 04/17/2006 | | (Court only) ***Excludable started as to Shawntelle R. Morris: (S, A L) (Entered: 04/17/2006) |
| 05/10/2006 | 27 | Joint Motion *requesting a change of plea* by United States of America as to Shawntelle R. Morris. (Uram, Seth) (Entered: 05/10/2006) |
| 05/11/2006 | 28 | Marginal Order granting 27 the parties joint motion to schedule a change of plea. Matter to be scheduled before Magistrate Judge Armstrong as to Shawntelle R. Morris. Time deemed excludable. Signed by Judge James G. Carr on 5/11/2006. (S, A L) (Entered: 05/11/2006) |
| 05/11/2006 | | (Court only) ***Excludable started as to Shawntelle R. Morris, Lakeble N. Gibson: (S, A L) (Entered: 05/11/2006) |
| 05/17/2006 | 30 | Sealed Order as to Shawntelle Morris. Signed by Vernelis K. Armstrong on 5/17/06 (A, P) (Entered: 05/17/2006) |
| 05/18/2006 | | Notice (Non-document) of Change of Plea Hearing set for 6/13/2006 at 2:30 PM as to Shawntelle R. Morris in Courtroom 312, U. S. District Court, 1716 Spielbusch, Toledo, Ohio before Magistrate Judge Vernelis K. Armstrong. Defense counsel to notify the defendant. (A, P) (Entered: 05/18/2006) |
| 06/13/2006 | 31 | Minutes of proceedings before Judge Vernelis K. Armstrong.Change of Plea Hearing as to Shawntelle R. Morris held on 6/13/2006; Consent to the Magistrate Judge executed; Defendant sworn; No Plea Agreement; Defendant withdraws her Not Guilty Plea and enters a Guilty Plea to Counts 1-25 & 45 in the Indictment; Court will issue a Report & Recommendation, if adopted by Chief Judge Carr, a Guilty Plea will be entered; Defendant referred to Probation for Presentence Investigation Report; $10,000 Unsecured Bond continued; Defendant warned about violating her bond conditions; Court to investigate a Court Diagnostic Report. Referral to the Magistrate Judge is termed. (Court Reporter ECRO/Dianne Gowing) (S, P A) (Entered: 06/14/2006) |
| 06/13/2006 | 32 | Consent to Magistrate Judge Vernelis K. Armstrong conducting the Change of Plea Hearing as to Shawntelle R. Morris. (S, P A) (Entered: 06/14/2006) |
| 06/14/2006 | 33 | Report and Recommendation on Plea of Guilty as to Shawntelle R. Morris 31 . Objections to R&R due by 6/28/2006. Signed by Judge Vernelis K. Armstrong on 6/14/2006. (S, P A) (Entered: 06/14/2006) |
| | | |

| 06/16/2006 | 37 | Order as to Shawntelle R. Morris. Upon the request of defense counsel, the Court Diagnostic and Treatment Center's report provided to Pretrial Services be released to defendant's attorney Paul Geller. Signed by Judge Vernelis K. Armstrong on 6/16/2006. (S, P A) (Entered: 06/16/2006) |
|---|---|---|
| 07/21/2006 | 39 | Order: the defendant's plea of guilty is accepted and a finding of guilty shall be entered as to Shawntelle R. Morris . Signed by Judge James G. Carr on 7/21/2006. (S, A) (Entered: 07/21/2006) |
| 08/14/2006 | 42 | (Court only) Order Regarding Violation Report as to Shawntelle R. Morris to appear before the court for violating her conditions of pretrial release. Warrant issued to the U.S. Marshal on 8/15/2006. Signed by Judge Vernelis K. Armstrong on 8/14/2006. (Attachments: # 1 Pretrial Services Violation Report) (S, P) (Entered: 08/14/2006) |
| 08/14/2006 | 43 | (Court only) Arrest Warrant Issued on 8/15/2006 to U.S. Marshal Service signed by Judge Vernelis K. Armstrong on 8/14/2006 as to Shawntelle R. Morris. (S, P) (Entered: 08/15/2006) |
| 08/14/2006 | | (Court only) ***Location LF started as to Shawntelle R. Morris (S, P) (Entered: 08/15/2006) |
| 08/15/2006 | | Minutes of proceedings [Non-Document] before Judge Vernelis K. Armstrong.Initial Appearance re Revocation of Pretrial Release as to Shawntelle R. Morris held on 8/15/2006; Appearance by Attorney Paul L. Geller for defendant; Seth Uram appeared for the Government; Defendant admits to non-compliance of bond conditions and the alleged violations in the report; Defendant's release is revoked and defendant Detained. (Court Reporter ECRO/Tina Brown) (S, P) (Entered: 08/15/2006) |
| 08/15/2006 | 44 | Arrest Warrant Returned Executed on 8/15/06 in case as to Shawntelle R. Morris. (A, P) (Entered: 08/16/2006) |
| 08/15/2006 | | (Court only) ***Location Custody start as to Shawntelle R. Morris (A, P) (Entered: 08/16/2006) |
| 09/28/2006 | | Notice of Hearing (non-document) as to Shawntelle R. Morris. Bond Hearing set for 10/2/2006 at 8:30 AM before Hon. James G. Carr, Courtroom 204, 1716 Spielbusch Ave, Toledo, Ohio.(S, A) (Entered: 09/28/2006) |
| 10/02/2006 | 45 | Order as to Shawntelle R. Morris. The defendant is hereby released on a $10,000.00 bond as previously imposed on February 7, 2006, with all previous conditions applicable and in effect. The defendant shall be released from the custody of the United States Marshal Service forthwith and placed into Compass for inpatient treatment. Signed by Judge James G. Carr on 10/2/2006. (S, A) (Entered: 10/02/2006) |
| 10/02/2006 | | (Court only) ***Location start as to Shawntelle R. Morris (S, A) (Entered: 10/02/2006) |
| 10/02/2006 | | Minutes of proceedings [Non Document] before Judge James G. Carr.Bond Hearing as to Shawntelle R. Morris held on 10/2/2006. The defendant is hereby released on a $10,000.00 bond as previously imposed on February 7, 2006, with all previous conditions applicable and in effect. The defendant |

|  |  | shall be released from the custody of the United States Marshal Service forthwith and placed into Compass for inpatient treatment. (Court Reporter Angela Nixon) (S, A) (Entered: 10/02/2006) |
| --- | --- | --- |
| 10/13/2006 |  | Notice of Hearing (non document) as to Shawntelle R. Morris. Sentencing set for 12/11/2006 at 8:30 AM before Hon. James G. Carr, 1716 Spielbusch Ave., Courtroom 204, Toledo, Ohio. (S, A) (Entered: 10/13/2006) |
| 12/02/2006 | 46 | Motion to Continue Sentencing by Shawntelle R. Morris. (Geller, Paul) Modified on 12/5/2006 (G, D). (Entered: 12/02/2006) |
| 12/06/2006 | 47 | Marginal Order granting 46 the defendant's motion to Continue as to Shawntelle R. Morris. Sentencing rescheduled for 1/22/2007 at 8:30 AM before Hon. James G. Carr. Signed by Judge James G. Carr on 12/6/2006. (S, A) (Entered: 12/06/2006) |
| 01/18/2007 | 51 | Attachment to sentencing memorandum (# 52 ) by Shawntelle R. Morris. (Geller, Paul) Modified on 1/22/2007 (G, D). (Entered: 01/18/2007) |
| 01/18/2007 | 52 | Sentencing Memorandum by Shawntelle R. Morris. (Geller, Paul) Modified on 1/22/2007 (G, D). (Entered: 01/18/2007) |
| 01/18/2007 |  | (Court only) ***Motions terminated as to Shawntelle R. Morris, Lakeble N. Gibson: 51 Motion filed by Shawntelle R. Morris, 52 Motion to Amend/Correct filed by Shawntelle R. Morris. (G,Di) (Entered: 01/22/2007) |
| 01/22/2007 | 53 | Minutes of proceedings before Judge James G. Carr.Sentencing held on 1/22/2007 for Shawntelle R. Morris as to Counts 1-25: 12 months and 1 day on all counts, to be served concurrently. One year supervised release as to Counts 1-25, to be served concurrently, with standard and special conditions. Count 45: 12 months and 1 day, to be served concurrently. Three years supervised release as to Count 45, to be served concurrently, with standard and special conditions. No fine, $2,600.00 special assessment. (Court Reporter Angela Nixon) (S,AL) (Entered: 01/22/2007) |
| 01/22/2007 |  | (Court only) ***Excludable started as to Shawntelle R. Morris: (G,D) (Entered: 01/24/2007) |
| 01/23/2007 | 54 | Judgment as to Shawntelle R. Morris as to Counts 1-25: 12 months and 1 day on all counts, to be served concurrently. One year supervised release as to Counts 1-25. Count 45: 12 months and 1 day on all counts, to be served concurrently. Three years supervised release as to Count 45, to be served concurrently, with standard and special conditions. No fine, $2,600.00 special assessment. Signed by Judge James G. Carr on 1/23/2007. (S,AL) (Entered: 01/23/2007) |
| 01/23/2007 |  | (Court only) ***Case Terminated as to Shawntelle R. Morris, Lakeble N. Gibson (S,AL) (Entered: 01/23/2007) |
| 02/15/2007 | 57 | Surrender Order. Shawntelle R. Morris to surrender to FPC Alderson in Alderson, West Virginia on 3/8/07 no later than 12:00 pm. Signed by Judge James G. Carr on 2/15/2007. (S,AL) (Entered: 02/15/2007) |
| 07/09/2007 |  | (Court only) CJA 20 as to Shawntelle R. Morris submitted for payment by |

|  |  | Paul L Geller. (B,De) (Entered: 07/10/2007) |
|---|---|---|
| 08/20/2007 |  | CJA 20 as to Shawntelle R. Morris: Authorization to Pay Paul L. Geller. Amount: $ 6808.00, Signed by Judge James G. Carr on 8/13/2007. (R,Ci) (Entered: 08/20/2007) |
| 06/30/2008 | 60 | Probation Jurisdiction Transferred to USDC, Northern District of Illinois at Rockford as to Shawntelle R. Morris. Transmitted Transfer of Jurisdiction form, with certified copies of indictment, judgment and docket sheet. (Attachments: # 1 Unredacted Transfer)(B,TM) (Entered: 06/30/2008) |

AO 245B (Rev. 6/05)  Sheet 1 - Judgment in a Criminal Case

# United States District Court
## Northern District of Ohio

UNITED STATES OF AMERICA
v.
**Shawntelle R. Morris**

**JUDGMENT IN A CRIMINAL CASE**

Case Number:   **3:06cr713-01**

USM Number:   43524-060

Paul L. Geller
Defendant's Attorney

## THE DEFENDANT:

[✔]   pleaded guilty to count(s): <u>1-25; 45 of the Indictment</u> .

The defendant is adjudicated guilty of these offense(s):

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 26 USC 7206(2) | Aiding & Assisting in the Preparation of False Tax Returns | 4/12/04 | 1-25 |
| 18 USC 286 | Conspiracy to Defraud the Government by Making False Claims | 4/04 | 45 |

The defendant is sentenced as provided in pages 2 through  6  of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

IT IS ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and the United States Attorney of material changes in the defendant's economic circumstances.

January 22, 2007
Date of Imposition of Judgment

s/ James G. Carr
Signature of Judicial Officer

**JAMES G. CARR**, United States Chief District Judge
Name & Title of Judicial Officer

January 23, 2007
Date

AO 245B (Rev. 6/05)  Sheet 2 - Imprisonment

CASE NUMBER:          3:06cr713-01                                    Judgment - Page 2 of 6
DEFENDANT:            Shawntelle R. Morris

## IMPRISONMENT

       The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of 12 months and 1 day on all counts, to be served concurrently .


[X ]     The court makes the following recommendations to the Bureau of Prisons: that the defendant receive credit for time served while awaiting the disposition of this case.


[ ]     The defendant is remanded to the custody of the United States Marshal.


[ ]     The defendant shall surrender to the United States Marshal for this district.
        [ ] at ___ on ___.
        [ ] as notified by the United States Marshal.


[✔]     The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
        [ ] before 2:00 p.m. on _.
        [✔] as notified by the United States Marshal.
        [ ] as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

      Defendant delivered on_____ to _____

at _____ , with a certified copy of this judgment.


                                     _____
                                        UNITED STATES MARSHAL

                            By  _____
                                        Deputy U.S. Marshal

AO 245B (Rev. 6/05)  Sheet 3 - Supervised Release

| | | |
|---|---|---|
| CASE NUMBER: | 3:06cr713-01 | Judgment - Page 3 of 6 |
| DEFENDANT: | Shawntelle R. Morris | |

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of 3 years on Count 45 and 1 year for Counts 1 through 25, to be served concurrently .

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance.  The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the Court.

[ ]     The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

[✔]    The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)

[✔]    The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

[ ]     The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

[ ]     The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1)    the defendant shall not leave the judicial district without permission of the court or probation officer;
2)    the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3)    the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4)    the defendant shall support his or her dependants and meet other family responsibilities;
5)    the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training or other acceptable reasons;
6)    the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7)    the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8)    the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9)    the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10)   the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11)   the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12)   the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13)   as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B (Rev. 6/05) Sheet 3 - Supervised Release

| CASE NUMBER: | 3:06cr713-01 | Judgment - Page 4 of 6 |
|---|---|---|
| DEFENDANT: | Shawntelle R. Morris | |

## SPECIAL CONDITIONS OF SUPERVISED RELEASE

The defendant shall participate in a substance abuse treatment program, either inpatient or outpatient, at the direction of the probation officer, which may include testing to determine if the defendant has reverted to substance abuse.

The defendant shall be prohibited from incurring any new credit or establishing any additional lines of credit without approval of the probation officer.

The defendant shall provide the probation officer access to all requested financial information.

The defendant shall cooperate with the United States Internal Revenue Service in the collection of any and all debts.

The defendant shall submit her person, residence, place of business, computer, or vehicle to a warrantless search, conducted and controlled by the U.S. Probation Officer at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release; failure to submit to a search may be grounds for revocation; the defendant shall inform any other residents that the premises may be subject to a search pursuant to this condition.

AO 245B (Rev. 6/05) Sheet 5 - Criminal Monetary Penalties

CASE NUMBER:        3:06cr713-01                                                    Judgment - Page 5 of 6
DEFENDANT:          Shawntelle R. Morris

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the Schedule of Payments on Sheet 6.

|          | Assessment | Fine | Restitution |
|----------|-----------|------|-------------|
| Totals:  | $ 2,600.00 | N/A | N/A |

[ ]  The determination of restitution is deferred until _. An amended Judgment in a Criminal Case (AO 245C) will be entered after such determination.

[ ]  The defendant must make restitution (including community restitution) to the following payees in the amounts listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment unless specified otherwise in the priority order of percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | *Total Loss | Restitution Ordered | Priority or Percentage |
|---------------|-------------|---------------------|------------------------|
| TOTALS:       | $ ____      | $ ____              |                        |

[ ]  Restitution amount ordered pursuant to plea agreement  $____

[]  The defendant must pay interest on restitution and a fine of more than $2500, unless the restitution or fine is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. §3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. §3612(g).

[ ]  The court determined that the defendant does not have the ability to pay interest and it is ordered that:

  [ ]  The interest requirement is waived for the    [] fine    [] restitution.

  [ ]  The interest requirement for the    [] fine    [] restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994 but before April 23, 1996.

AO 245B (Rev. 6/05)  Sheet 6 - Criminal Monetary Penalties

CASE NUMBER:        3:06cr713-01                                    Judgment - Page 6  of 6
DEFENDANT:          Shawntelle R. Morris

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A  [ ]   Lump sum payment of $ due immediately, balance due

    [ ] not later than   or
    [ ] in accordance with     [ ] C,    [ ]  D,  [ ] E, or    [ ] F below; or

B  [ ]   Payment to begin immediately (may be combined with    [ ] C   [ ] D, or    [ ] F below); or

C  [ ]   Payment in equal  installments of $ over a period of , to commence  days after the date of this judgment; or

D  [ ]   Payment in equal  installments of $ over a period of , to commence  days after release from imprisonment to a
    term of supervision; or

E  [ ]   Payment during the term of supervised release will commence within  (e.g., 30 or 60 days) after release from
    imprisonment. The Court will set the payment plan based on an assessment of the defendant's ability to pay at
    that time; or

F  [ ]   Special instructions regarding the payment of criminal monetary penalties:

    [✔]   A special assessment of $2,600.00  is due in full immediately as to count(s) 1-25; 45.
    PAYMENT IS TO BE MADE PAYABLE AND SENT TO THE CLERK, U.S. DISTRICT COURT.  If this special
    assessment cannot be paid in full immediately, then it shall be taken from the defendant's prison earnings at a
    minimum of 25% through the Federal Bureau of Prisons Inmate Financial Responsibility Program.  If a balance
    remains upon her release from imprisonment, payment shall be a minimum of 10% of the defendant's gross
    monthly income during the term of supervised release and thereafter as prescribed by law.  Payments shall
    commence no later than 30 days from release from custody.  Notwithstanding establishment of a payment
    schedule, nothing shall prohibit the United States from executing or levying upon property of the defendant
    discovered before and after the date of this Judgment.

    [ ]   After the defendant is release from imprisonment, and within 30 days of the commencement of the term of
    supervised release, the probation officer shall recommend a revised payment schedule to the Court to satisfy
    any unpaid balance of the restitution. The Court will enter an order establishing a schedule of payments.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary
penalties is due during imprisonment. All criminal penalties, except those payments made through the Federal Bureau of
Prisons' Inmate Financial Responsibility Program, are made to the Clerk of the Court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

[ ]   Joint and Several (Defendant name, Case Number, Total Amount, Joint and Several Amount and corresponding
    payee):

[ ]   The defendant shall pay the cost of prosecution.
[ ]   The defendant shall pay the following court cost(s):

[ ]   The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment; (2) restitution principal; (3) restitution interest; (4) fine principal; (5)
fine interest; (6) community restitution; (7) penalties; and (8) costs, including cost of prosecution and court costs.

I hereby certify that this
instrument is a true and
correct copy of the original
on file in my office.
Attest: Geri M. Smith, Clerk
        U.S. District Court
        Northern District of Ohio

By _____
        Deputy Clerk

2006 FE -1  PM 2:53

CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
TOLEDO

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## WESTERN DIVISION

UNITED STATES OF AMERICA,     |     **I N D I C T M E N T**

        Plaintiff,     |

        v.     |     **3 : 06 CR 713**
              |     Cr. No. _____
              |         Title 18, United States Code, § 286
              |         Title 26, United States Code, § 7206(2)
**SHAWNTELLE R. MORRIS,**     |
**LAKEBLE N. GIBSON**     |
              |
        Defendants.     |

The Grand Jury charges that:

### Counts 1 - 25
### Aiding and Assisting in the Preparation and Filing of False Tax Returns

1.      On or about the dates listed below, in the Northern District of Ohio, Western

Division, defendant SHAWNTELLE R. MORRIS, a resident of Toledo, Ohio, did willfully aid

and assist in, and procure, counsel, and advise the preparation and presentation to the Internal

Revenue Service, of U.S. Individual Income Tax Returns, Forms 1040 or 1040A, either

individual or joint, for the taxpayers and calendar years identified below, which were false and



fraudulent as to material matters, in that, as the defendant well knew and believed, each said

return represented that the taxpayer was entitled under the provisions of the Internal Revenue

laws to claim a refund in an amount the taxpayer was not, in fact, entitled to claim, as set out

below. This caused the Internal Revenue Service to issue to the named taxpayers fraudulent

refunds totaling $96,667.29:

| COUNT | DATE OF OFFENSE | TAXPAYER | CALENDAR TAX YEAR | FALSELY AND FRAUDULENTLY CLAIMED REFUND AMOUNT |
|---|---|---|---|---|
| 1 | 2/25/2002 | D. Atwell | 2001 | $4,979 |
| 2 | 3/24/2003 | D. Atwell | 2002 | $4,275 |
| 3 | 3/15/2004 | Y. Ballard | 2003 | $4,092 |
| 4 | 3/8/2004 | D. Brown | 2003 | $5,754 |
| 5 | 2/25/2002 | N. Brown | 2001 | $3,734 |
| 6 | 2/17/2003 | N. Brown | 2002 | $5,987 |
| 7 | 3/1/2004 | N. Brown | 2003 | $4,235 |
| 8 | 3/15/2004 | T. R. Brown | 2003 | $5,381 |
| 9 | 3/17/2003 | T. L. Brown | 2002 | $3,610 |
| 10 | 3/10/2003 | T. Bryson | 2002 | $4,179 |
| 11 | 3/15/2004 | T. Bryson | 2003 | $4,161 |
| 12 | 4/12/2004 | A. Dunlop | 2003 | $5,261 |
| 13 | 2/23/2004 | S. Hart | 2003 | $3,145 |
| 14 | 3/8/2004 | J. Johnson | 2003 | $5,250 |
| 15 | 3/15/2004 | K. Johnson | 2003 | $1,759 |
| 16 | 3/24/2003 | T. Jones | 2002 | $1,979 |
| 17 | 3/22/2004 | L. Lear | 2003 | $5,517 |
| 18 | 3/24/2003 | S. R. Morris | 2002 | $2,919 |
| 19 | 2/16/2004 | S. R. Morris | 2003 | $1,761 |

| COUNT | DATE OF OFFENSE | TAXPAYER | CALENDAR TAX YEAR | FALSELY AND FRAUDULENTLY CLAIMED REFUND AMOUNT |
|-------|----------------|----------|-------------------|-----------------------------------------------|
| 21 | 3/24/2003 | A. Noble | 2002 | $3,240 |
| 22 | 3/17/2003 | R. Turner | 2002 | $3,709 |
| 23 | 3/3/2003 | C. Watson | 2002 | $4,243 |
| 24 | 3/1/2004 | S. Watson | 2003 | $2,531 |
| 25 | 3/29/2004 | T. Williams | 2003 | $4,966 |

All in violation of Title 26, Section 7206(2).

## Counts 26 - 44
### Aiding and Assisting in the Preparation and Filing of False Tax Returns

On or about the dates listed below, in the Northern District of Ohio, Western Division, defendant LAKEBLE N. GIBSON, a resident of Toledo, Ohio, did willfully aid and assist in, and procure, counsel, and advise the preparation and presentation to the Internal Revenue Service, of U.S. Individual Income Tax Returns, Forms 1040 or 1040A, for the taxpayers and calendar years hereinafter specified, which were false and fraudulent as to material matters, in that, as the defendant well knew and believed, each said return represented that the taxpayer was entitled under the provisions of the Internal Revenue laws to claim a refund in an amount the taxpayer was not, in fact, entitled to claim, as set out below. This caused the Internal Revenue Service to issue to the named taxpayers fraudulent refunds totaling $84,344.97:

| COUNT | DATE OF OFFENSE | TAXPAYER | CALENDAR TAX YEAR | FALSELY AND FRAUDULENTLY CLAIMED REFUND AMOUNT |
|-------|----------------|----------|-------------------|-----------------------------------------------|
| 26 | 3/1/2004 | J. Brown | 2003 | $4,235 |
| 27 | 5/5/2003 | V. Brown | 2002 | $6,021 |
| 28 | 3/15/2004 | V. Brown | 2003 | $4,383 |
| 29 | 2/17/2003 | L. Gibson | 2002 | $5,139.28 |

3

| COUNT | DATE OF OFFENSE | TAXPAYER | CALENDAR TAX YEAR | FALSELY AND FRAUDULENTLY CLAIMED REFUND AMOUNT |
|-------|-----------------|----------|-------------------|------------------------------------------------|
| 30 | 3/3/2003 | D. Goings | 2002 | $5,035 |
| 31 | 3/22/2004 | D. Henderson | 2003 | $4,379 |
| 32 | 3/8/2004 | B. Jackson | 2003 | $5,317 |
| 33 | 4/14/2003 | K. Johnson | 2002 | $3,468 |
| 34 | 4/28/2003 | S. King | 2002 | $5,661 |
| 35 | 2/24/2003 | C. Lucas | 2002 | $ 190 |
| 36 | 2/23/2004 | S. McCarver | 2003 | $4,960 |
| 37 | 4/14/2003 | C. McWilliams | 2002 | $2,591 |
| 38 | 3/1/2004 | T. Owens | 2003 | $5,280 |
| 39 | 4/7/2003 | K. Pryor | 2002 | $4,176 |
| 40 | 3/22/2004 | K. Sanders | 2003 | $5,721 |
| 41 | 2/23/2004 | L. Stewart | 2003 | $5,561 |
| 42 | 3/24/2003 | T. Walker | 2002 | $5,287 |
| 43 | 3/17/2003 | T. Williams | 2002 | $4,625 |
| 44 | 4/28/2003 | A. Wilson | 2002 | $2,315 |

All in violation of Title 26, Section 7206(2).

## Count 45
### Conspiracy to Defraud the Government by Making False Claims

1.    The allegations in Counts 2 through 4 and 6 through 44 are re-alleged and incorporated by reference in this count, as though fully restated herein.

2.    Beginning in or about February 2003, and continuing until in or about April 2004, within the Northern District of Ohio, Western Division and elsewhere, SHAWNTELLE R. MORRIS and LAKEBLE N. GIBSON, and others, both known and unknown to the grand jury, unlawfully, willfully, and knowingly agreed, combined and conspired with others and each other

4

to defraud the United States by obtaining or aiding to obtain the payment or allowance of false, fictitious or fraudulent claims.

## Manner And Means Of The Conspiracy

It was part of the conspiracy that:

3.    Defendants SHAWNTELLE R. MORRIS and LAKEBLE N. GIBSON agreed to participate in, and participated in, a scheme to obtain and help others to obtain payment of false claims for refunds from the Internal Revenue Service (IRS) by filing in their own names and by causing others to file false and fraudulent 2002 and 2003 federal income tax returns claiming refunds to which they knew they were not entitled. Defendants SHAWNTELLE R. MORRIS and LAKEBLE N. GIBSON solicited, instructed and assisted others in falsely claiming federal income tax refunds through the preparation and submission of false federal income tax returns.

4.    To accomplish the objects of this scheme, defendants SHAWNTELLE R. MORRIS and LAKEBLE N. GIBSON recruited and/or referred to each other individuals to file fraudulent federal income tax returns under the individuals' own names and social security numbers. Defendants SHAWNTELLE R. MORRIS and LAKEBLE N. GIBSON created false Forms W-2 in the names and social security numbers of each such individual that contained false amounts of wages and false amounts of tax withholdings.

5.    Knowing that the false information contained in these Forms W-2 would be used to create tax returns claiming refunds for the individuals involved in this scheme, defendants SHAWNTELLE R. MORRIS and LAKEBLE N. GIBSON caused the false Forms W-2 to be submitted to commercial tax return preparers authorized by the IRS to file tax returns electronically and to be represented to such preparers to be legitimate.

5

6.      Defendants SHAWNTELLE R. MORRIS and LAKEBLE N. GIBSON knew the
false Forms W-2 would be used, and, in fact, were used, by the commercial tax return preparers
to prepare false federal tax returns which were electronically filed with the IRS by the tax return
preparers on behalf of the individuals for whom the defendants prepared the false Forms W-2.

7.      As a result of the submission to the commercial tax return preparers of the false
Forms W-2, the electronically filed returns claimed tax refunds to which the individual taxpayers
were not entitled.  The total amount of the false and fraudulent refunds the defendants caused the
individual taxpayers to claim was $172.299.

8.      Defendants SHAWNTELLE R. MORRIS and LAKEBLE N. GIBSON usually
charged each individual taxpayer $500 for preparing each false Form W-2.

9.      On some occasions, the individual taxpayers applied for refund anticipation loans
through the tax return preparer.  This allowed the individual taxpayers to receive a cash advance
on their false tax refunds from financial institutions within three to five days after the returns
were electronically filed.

10.     It was part of the conspiracy that each of the defendants would and did agree to
participate in a scheme to falsely claim income tax refunds from the government using
electronically filed tax returns.

**Overt Acts In Furtherance Of The Conspiracy**

11.     In furtherance of the conspiracy, and to effectuate the object thereof, defendants
SHAWNTELLE R. MORRIS and LAKEBLE N. GIBSON and their coconspirators committed,
among other acts, the following overt acts in the Northern District of Ohio, Western Division and
elsewhere:

6

(a)    a false Form W-2 was prepared by defendant SHAWNTELLE R. MORRIS or

defendant LAKEBLE N. GIBSON for each of the individual taxpayers and their respective tax

returns, the preparation of each false Form W-2 being a separate overt act;

(b)    the individual taxpayers electronically filed the false tax returns identified in

Counts 2 through 4, and Counts 6 through 44, the filing of each false return being a separate

overt act.

All in violation of Title 18, United States Code, Section 286.


A True Bill.


Original document – Signatures on file with the Clerk of Courts, pursuant to the E-Government
Act of 2002.


7

UNITED STATES v. SHAWNTELLE R. MORRIS, ET AL.

A TRUE BILL.

_____

Foreperson

GREGORY A. WHITE
United States Attorney

8